DOWNEY, Judge.
Appellant, Marie Akins, appeals from an “order determining last will,” which found invalid the decedent’s last will and testament, dated September 16, 1982.
Briefly, the facts of the case are that Lillian H. Penney died leaving a will dated February 4, 1972, and another dated September 16, 1982. The decedent’s son filed a petition for administration appending both instruments and seeking to have the earlier will admitted to probate. The petition asserted that the later will was not valid because it was not properly executed, the testatrix lacked testamentary capacity, and the will was the result of undue influence exercised by Marie Akins. A caveat was filed by Akins asserting the validity of the later will. A trial on the issue of the validity of the later will resulted in a judgment finding the later will invalid for all of the reasons asserted in the petition for administration.
The evidence reflects that Lillian Penney was 82 years of age at her death. She owned and resided in a condominium which *1320 was next door to that of her good friend, Marie Akins. Over the years the two women became confidants and on occasion discussed trading apartments because Lillian wanted Akins to have her apartment. These plans fell through. Lillian became ill with cancer, and after several hospitalizations she was moved to a convalescent center. There her health began to fail more markedly until her demise on September 18, 1982. Prior thereto, on September 13, 1982, Akins testified that Lillian asked her to prepare a will directing that Lillian’s condominium apartment (estimated value approximately $60,000) and her Buick automobile were to be sold to Akins for the sum of $10,000. Akins called a lawyer’s office to inquire about the cost of preparing a will, but deciding the $75 fee was too high, she purchased a will form at an office supply store and drew the will herself with the help of a book, Everyday Law Made Simple, authored by a New York lawyer. Not only did Akins prepare the will, she also supervised its execution. Suffice to say, nearly all of the criteria listed in In Re: Estate of Carpenter, 253 So.2d 697 (Fla.1971), as indicia of undue influence existed in this case. Furthermore, there was evidence that, if believed by the trier of fact, would support a finding that the will was not properly executed; the same holds true for the determination of lack of testamentary capacity.
Appellant poses three points on appeal that question the execution of the deposed will and the sufficiency of the evidence to support the trial judge’s findings that the decedent lacked testamentary capacity and the will was procured by undue influence. After carefully studying the appellate presentation by counsel, it appears to us that there is more than sufficient evidence to support the trial court’s judgment invalidating the September 16, 1982 will. Thus, the only question that required any extensive comment was the contention that our decisions were in conflict regarding the burden of proof in cases involving undue influence and the shifting of that burden. Since oral argument in this case we have rendered an en banc opinion in In Re: Estate of Arthur E. Davis, Deceased, Case No. 81-2241, opinion filed September 19, 1984, which acknowledges that the correct law on the subject is set forth in opinion of the Supreme Court of Florida in In Re: Estate of Carpenter, 253 So.2d 697 (Fla.1971). That case holds that the burden of proof remains with the will contestant and the presumption of undue influence can vanish.
Now that this court’s views regarding the presumption of undue influence and its proper relation to the burden of proof has been clarified, we affirm the judgment appealed from.
AFFIRMED.
HERSEY and BARKETT, JJ., concur.